IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

THOMAS A MORROW                                                                          PLAINTIFF

vs.                                    Civil No. 6:18-cv-06094

ANDREW SAUL[1],                                                                          DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Thomas A. Morrow, brings this action pursuant to § 205(g) of Title XVI of the Social Security Act ("The Act"), 42 U.S.C. § 1382, seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.  **Background**:

Plaintiff protectively filed his applications for DIB and SSI on January 12, 2016. (Tr. 10, 154). In this application, Plaintiff alleges being disabled due to mental illness, back injury, and seizures with an alleged onset date of January 1, 2006. (Tr. 187). This application was denied initially and again upon reconsideration. (Tr. 10,81, 86). Plaintiff requested an administrative

---

[1] Andrew M. Saul, has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

hearing and that administrative hearing was held on July 27, 2017. (Tr. 27-56). At this hearing, Plaintiff was present and was represented by counsel, Shannon Muse Carroll. *Id*. Plaintiff and a Vocational Expert ("VE") testified at the hearing. *Id.* At the administrative hearing, Plaintiff amended his alleged onset date to December 4, 2015. (Tr. 29).

Following the hearing, on February 14, 2018, the ALJ entered an unfavorable decision. (Tr. 7-21). The ALJ found Plaintiff had not engaged in substantial gainful activity since his application date. (Tr. 12, Finding 1). The ALJ determined Plaintiff had the following severe impairments: seizures, depression, bipolar, schizophrenia, posttraumatic stress disorder, asthma, chronic obstructive pulmonary disease, headaches, and a hernia. (Tr. 12-13, Finding 2). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of 20 CFR 404 ("Listings"). (Tr. 13-15, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 15-20, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to:

> [P]erform light work as defined in 20 CFR 416.967(b) except: because of asthma and COPD, he should avoid extreme temperatures, heavy chemicals, heavy dust, heavy fumes, and heavy humidity (inside climate control). Because of the possibilities of seizures, he should not be working at unprotected heights or with ladders or scaffolds, and he should not be operating machinery such as a chainsaw, or drive a car, bus, or taxi. Mentally, he is limited to unskilled, rote activities with very little reading or writing involved. He can understand, follow, and remember concrete instructions at the SVP 2 level or less. Contact with supervision and coworkers would be superficial, and he should have no contact with the public. He should not handle money or work around the public at all. He could work in a room with coworkers but with no real requirement to interact; he does his own work and passes it on. He could handle supervision from a supervisor with one to two step

processes; very low supervision is involved in these jobs due to the simple nature of the work. *Id*.

The ALJ found Plaintiff had no Past Relevant Work. (Tr. 20, Finding 5). The ALJ also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 20-21, Finding 9). The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of representative occupations such as an inspector with approximately 130,000 such jobs in the nation or housekeeping with approximately 220,000 such jobs in the nation. *Id.* Based upon these finding, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from January 12, 2016, through the date of his decision. (Tr. 21, Finding 10).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. (Tr. 152-53). The Appeals Council denied this request for review. (Tr. 1-4).

On March 14, 2018, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 14, 15. This case is now ready for decision.

**2.** **<u>Applicable Law</u>:**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff

3

must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

Plaintiff brings the present appeal on two points: 1) whether ALJ erred in finding Plaintiff's impairments did not meet the criteria of Listing 12.03, 12.04, 12.06, and 12.08, and whether his assessment was supported by substantial evidence; and (2) whether ALJ erred in finding Plaintiff could perform other work at step five in the sequential evaluation of his SSI claim, as the representative occupations would involve some exposure to chemicals.. ECF No. 14, Pgs. 2-13. In response, Defendant argued substantial evidence supported the ALJ's finding that Plaintiff was not disabled under the listings, and the representative occupations of inspector and

housekeeping found by the ALJ did not involve a conflict between the VE's testimony and the DOT.  ECF No. 14.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs.  For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice.  *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

4. **Conclusion**:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 22nd day of July 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE